**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Rodgerick Booth,

          Plaintiff,                        Case No. 22-10343
                                                  District Judge Mark A. Goldsmith
v.                                        Magistrate Judge Jonathan J.C. Grey

Michael Bouchard,

          Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 17)

Rodgerick Booth brings this pro se complaint under 42 U.S.C. § 1983 against Michael Bouchard alleging that Bouchard violated his Fourteenth Amendment rights by failing to release him from jail despite a judge's order of release. (ECF No. 1.) Before the Court now is Bouchard's motion to dismiss pursuant to 12(b)(6). (ECF No. 17.) Booth did not respond to the motion to dismiss.

For the reasons stated below, the Court **RECOMMENDS** that defendant's motion to dismiss be **GRANTED.**

## I.      Background

According to his complaint, on March 1, 2021, a state judge sentenced Booth to 180 days of incarceration, with credit for 54 days, to be served at the Oakland County jail. (ECF No. 1, PageID.2.) Sometime after sentencing, the sentencing judge ordered Booth's immediate release. (*Id.*, PageID.3.) Booth claims that approximately two weeks after the issuance of the order of release, he attempted to contact Bouchard to ask why he had not been released from custody; Booth was told that he needed to contact the sentencing judge. (*Id.*) After Booth contacted the sentencing judge, he was released from custody. (*Id.*)

Booth's complaint is premised on the fact that he remained in custody for allegedly over 90 days after the sentencing judge ordered his immediate release. (*Id.*) Booth alleges that Bouchard, as the Oakland County Sheriff, is responsible for the operation of the Oakland County jails and he failed to respond to Booth's inquiries about his release from jail.

## II.     Legal Standard

To survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must also illustrate the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

Under the Eastern District of Michigan's local rules, "a respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(c)(1). "A response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). When a party fails to oppose a motion to dismiss, his arguments are considered to be waived. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x. 328, 331 (6th Cir. 2008).

### III.   Analysis

Bouchard filed his motion to dismiss on July 25, 2022. Booth did not respond to the motion. Booth's failure to respond may amount to grounds for

dismissal. *Humphrey*, 279 F. App'x. at 331; *see also Price v. Mich. Unemployment Ins. Agency*, No. 20-12756, 2021 WL 927523, at *1 (E.D. Mich. Mar. 11, 2021).

Moreover, Bouchard's motion to dismiss presents valid arguments for dismissal. Booth did not plead facts establishing Bouchard's personal involvement in the alleged unconstitutional conduct. *Monell v. Dep't of Soc. Servics.*, 436 U.S. 658, 691-98 (1978) (stating that 42 U.S.C. § 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability).

Booth brings this complaint against Bouchard alleging that Bouchard is "responsible for designating staff to be responsible for operating different areas of the jail." (ECF No. 1, PageID.3.) According to the complaint, it appears that Booth seeks to hold Bouchard liable merely because of Bouchard's position as the Sheriff and his inherited responsibilities to oversee jail operations. However, Booth does not plead facts showing that Bouchard participated in, condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Booth claims he attempted to contact Bouchard, but was told he needed to contact the sentencing judge. In the absence of facts to establish that Bouchard was personally involved in the conduct, Booth's claim fails.

## IV.    Conclusion

Accordingly, for the foregoing reasons, the Court **RECOMMENDS** that defendant's motion to dismiss be **GRANTED.**

**SO ORDERED.**

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated:   October 12, 2022

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 12, 2022.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager